# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| HEATHER CHRISTIAN, | ) Docket No. 2:13-CR-0096-NT |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

The Defendant Heather Christian's Motion for Compassionate Release (ECF No. 70) is **GRANTED**. On July 26, 2019, at a final hearing on a petition to revoke supervised release, I sentenced Defendant to a term of 12 months imprisonment with no supervised release to follow. The Defendant, who received credit for the time she was detained before her hearing, is due to be released from that sentence on July 8, 2020. The Defendant filed a motion for compassionate release on April 21, 2020 citing medical conditions, including emphysema, that put her at higher risk for complications associated with Covid-19. Motion for Compassionate Release (ECF No. 70). Additional briefing was filed by the Government (ECF No. 72) and court-appointed counsel (ECF No. 77), and the United States Probation Office provided input at my request.

The Defendant has served almost 90% of her original sentence. The United States Bureau of Prisons (BOP) had scheduled her to be released to a halfway house in April of 2020, but that placement became unavailable due to the Covid-19 pandemic. BOP had also identified the Defendant for release to home confinement,

but she was unable to provide a viable release plan. The Government initially objected to early release because the Defendant did not have an adequate release plan. Officers with the United States Probation Office have indicated that there are Second Chance Funds available that can be used to provide the Defendant with a place to stay on a short-term basis. With that understanding, the Government withdrew its objection to early release.

    I find that the Defendant has exhausted her administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). After consideration of the factors set forth in 18 U.S.C. § 3553(a), I find that there are extraordinary and compelling reasons that warrant this modest reduction in the Defendant's sentence. I further find that the Defendant is not a danger to the safety of any other person or to the community. United States Sentencing Guidelines § 1B1.13. Finally, I conclude that the Defendant has an appropriate release Plan. Accordingly, I am entering an Amended Revocation Judgment in a Criminal Case that imposes a time-served sentence. Upon release from imprisonment, the Defendant will be on supervised release for a term of 43 days. The mandatory and standard conditions of supervised released are imposed as reflected in the amended judgment. In addition, the Defendant is ordered to self-quarantine for fourteen (14) days once arriving in the State of Maine, and she is ordered to comply with the additional special conditions as outlined in the amended judgment.

SO ORDERED.

                                            /s/ Nancy Torresen
                                            United States District Judge

Dated this 26th day of May, 2020.